**ICE MILLER LLP**
Louis T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
George A. Gasper, Esq. (admitted *pro hac vice*)
Jessa DeGroote, Esq.
1500 Broadway, Suite 2900
New York, NY 10036
Phone: 212-835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

*Counsel to AIRN Liquidation Trust Co., LLC
in its capacity as Liquidation Trustee of the
AIRN Liquidation Trust*

**Order Filed on July 31, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: <br><br> NATIONAL REALTY INVESTMENT ADVISORS, LLC, et al., <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-14539 (JKS) <br><br> (Jointly Administered) |
| In re: <br><br> AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST, <br><br> Plaintiff, <br><br> v. <br><br> VAN DUYNE, BRUNO & CO., P.A., and JACK GUTIERREZ, <br><br> Defendants. | Adv. Pro. No. 25-01114 (JKS) |

**JOINT ORDER SCHEDULING PRETRIAL PROCEEDINGS AND TRIAL**

The relief set forth on the following pages, numbered three (3) and four (4), is hereby **ORDERED**.

DATED: July 31, 2025

_____
Honorable John K. Sherwood
United States Bankruptcy Court

A pretrial conference, having been scheduled pursuant to *Fed.R.Civ.P.* 16(b) and (e), made applicable to these proceedings by *Fed.R.Bankr.P.* 7016, it is

ORDERED that

1. Initial Disclosures will be served by **August 22, 2025**.

2. All fact discovery is to be completed by **May 29, 2026**. Any motions to compel discovery are to be made so that the Court can rule and the discovery can be obtained before that date. Late filed discovery motions will not constitute cause for an adjournment of the scheduled trial date. To the extent any party seeks to introduce expert testimony, an amended joint scheduling order must be filed no later than 30 days after the above date, providing for the delivery of expert reports and completion of expert discovery and the filing of dispositive motions.

3. The parties to this Order consent to the Bankruptcy Court's adjudication and entry of final judgment on all claims and defenses raised in this proceeding, unless specifically contested in pleadings which comply with Fed. R. Bankr. P. 7008 and Fed. R. Bankr. P. 7012. To the extent any party does not so consent, that party must file a motion within 30 days of the entry of this Order seeking a determination as to whether this Court may adjudicate to final judgment any or all claims and defenses. The failure to timely file such a motion shall be deemed consent to the Bankruptcy Court's adjudication and entry of final judgment on all claims and defenses raised in this proceeding.

4. Any party seeking to amend pleadings or add additional parties, must do so by filing a motion no later than 30 days after the close of fact discovery.

5.     All other motions must be filed no later than 30 days after the completion of all discovery, including expert discovery. The parties will agree on a dispostive motion briefing schedule before the filing of any such motion. Late filed motions will not constitute cause for an adjournment of the trial date.

6.     The parties will meet and confer on pretrial scheduling issues within thirty (30) days before the conclusion of fact discovery, as provided in paragraph 2 above, and shall submit a proposed joint scheduling order promptly thereafter.  If necessary to resolve any disputes, the parties will address pretrial issues and the Court will set a trial date in a scheduling conference and order, addressing expert disclosures and discovery and the dispositive motion schedule.