**ICE MILLER LLP**
Louis T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
George A. Gasper, Esq. (admitted *pro hac vice*)
Jessa DeGroote, Esq.
1500 Broadway, Suite 2900
New York, NY 10036
Phone: 212-835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

*Counsel to AIRN Liquidation Trust Co., LLC*
*in its capacity as Liquidation Trustee of the*
*AIRN Liquidation Trust*

**Order Filed on July 31, 2025**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, et al.,<br><br>　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 22-14539 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>VAN DUYNE, BRUNO & CO., P.A., and JACK GUTIERREZ,<br><br>　　　　　　　　　Defendants. | Adv. Pro. No. 25-01114 (JKS) |

## **MEDIATION ORDER**

The relief set forth on the following pages, numbered three (3) through four (4), is hereby **ORDERED**.

DATED: July 31, 2025

*/s/ John K. Sherwood*
Honorable John K. Sherwood
United States Bankruptcy Court

It having been determined that mediation may produce a mutually agreeable resolution of all or some of the issues between the parties, and the parties who have appeared thus far having

    X agreed on the selection of a mediator,
    ☐ been unable to agree on the selection of a mediator, ask the court to appoint one,

it is ORDERED, that

the parties will make a good faith attempt to settle this action through mediation and will attend, personally or through a representative with authority to negotiate and settle the disputes, all sessions scheduled by the mediator;

Hon. Robert P. Contillo is appointed to serve as mediator in this matter.[1]

The mediator's address is:

Ferro Labella & Weiss LLC
The Landmark Building
27 Warren Street, Suite 201
Hackensack, NJ 07601

It is further ORDERED, that

D.N.J. LBR 9019-1 and 9019-2, as well as the following terms and guidelines will govern the mediation process between the parties:

1. Plaintiff must immediately serve the designated mediator with a copy of the *Mediation Order*.

2. Promptly after receiving the *Mediation Order*, the mediator must determine whether there is a basis for disqualification or whether the mediator is unable to serve for any other reason.

3. Upon entry of this Order, the parties must promptly contact the mediator to schedule the organizational telephone conference required by D.N.J. LBR 9019-2(d).

4. The scheduling and location of all mediation sessions will be determined by the mediator; however, the mediation must commence not later than 60 days after the entry of this order, unless extended by further court order.

5. The parties will compensate the mediator at the mediator's standard hourly rate. Each party is responsible for an equal portion of the mediator's fee. The fee is due not later than 30 days after presentation of the mediator's invoice. Either the mediator or a party to the mediation may bring a motion to enforce the parties' payment obligations under this Order.

6. The mediator has the right to terminate this mediation at any time, for any reason, by providing written notice to counsel for all parties.

---

[1] This appointment is subject to the clearance of conflicts by Judge Contillo.

7. Not later than 7 days after the conclusion of the mediation, the mediator must file Local Form, *Mediation Report*.